JOHN G. OSBORN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
100 Middle Street, 6th Floor
Portland, ME 04101
(207) 780-3257

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW JERSEY<br><br>*Plaintiffs*,<br><br>v.<br><br>SIMSMETAL EAST, LLC<br><br>*Defendant*. | Civil Action No. _____ |

## <u>COMPLAINT</u>

The United States of America, by authority of the Attorney General of the

United States and acting at the request of the Administrator of the United States

Environmental Protection Agency ("EPA"), and the State of New Jersey

("New Jersey"), on behalf of the New Jersey Department of Environmental

1

Protection ("NJDEP"), file this Complaint against Simsmetal East, LLC

("Simsmetal") and allege as follows:

## NATURE OF THE ACTION

1.     Simsmetal runs a scrap metal shredder in Jersey City, New Jersey.

The Shredder—capable of processing 400 tons of metal per hour— reduces

automobiles and other scrap metal materials into small pieces. While processing

the scrap, the facility also generates enough heat to vaporize substances such as

plastics, paints, and oils in the feed material. In doing so, the Shredder produces

significant amounts of air pollution, including volatile organic compounds or

"VOCs."

2.     VOCs are harmful to human health and the environment. VOC

pollution contributes to the formation of ground-level ozone, which increases the

risks of heart disease, lung disease, and premature death for downwind

communities.

3.     Simsmetal has operated its shredding facility without the required

VOC emissions controls for at least eighteen years in violation of (a) Clean Air Act

requirements to control VOC emissions using Reasonably Available Control

Technology, (b) Clean Air Act Title V operating permit requirements, and (c)

New Jersey regulations that require the use of "state-of-the-art" pollution pursuant

to  the New Jersey Air Pollution Control Act ("APCA").

4.     The United States and the State of New Jersey bring this action for civil penalties and injunctive relief under the Clean Air Act.

5.     New Jersey brings this action for civil penalties and injunctive relief for violations of under APCA.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

7.     This Court has supplemental jurisdiction over the State of New Jersey's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims in the United States action that they form part of the same case or controversy.

8.     Venue is proper in this District under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because the violations that are the basis of this Complaint occurred at the facility Simsmetal owns and operates in this District.

## AUTHORITY AND NOTICES

9.     The Attorney General has authority to bring this action on behalf of

the Administrator of the EPA and under 28 U.S.C. §§ 516, 519 and Section 305 of the Clean Air Act, 42 U.S.C. § 7605.

10.    The New Jersey Attorney General has authority to bring this action on behalf of the Commissioner of NJDEP under N.J.S.A. 52:17A-4(e).

11.    Notice of EPA's finding that Simsmetal has violated the New Jersey SIP was provided to Simsmetal and to the State of New Jersey at least 30 days prior to filing of this Complaint pursuant to Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1).

## DEFENDANT

12.    Simsmetal, which does business as Sims Metal Management, is a Limited Liability Corporation incorporated in Delaware.

13.    Simsmetal is a "person" within the meaning of Section 302(e) of the Clean Air Act, 42 U.S.C. § 7602(e).

14.    Simsmetal owns and/or operates a scrap metal shredder ("Shredder") at its scrap metal yard ("Facility") located at 1 Linden Avenue East in Jersey City, New Jersey.

15.    At all times relevant to this action, Simsmetal was and continues to be the "owner" and/or "operator" of the Facility, within the meaning of Section 113(b) of the Act, 42 U.S.C. § 7413(b).

16.     At all times relevant to this action, Simsmetal has operated the Shredder and continues to operate the Shredder at the Facility without installing any VOC emissions control device or otherwise taking steps to control the Shredder's VOC emissions as required under the Clean Air Act and its implementing regulations.

## STATUTORY AND REGULATORY BACKGROUND

17.     The Clean Air Act directs EPA to identify and prepare air quality criteria for each air pollutant as defined in the Act. 42 U.S.C. § 7408.

18.     For each air pollutant, the Act directs EPA to promulgate regulations prescribing national ambient air quality standards ("NAAQS") requisite to protect the public health and welfare. 42 U.S.C. § 7409.

### *Ozone and VOCs*

19.     EPA has established NAAQS for ground-level ozone as required by the Clean Air Act. *See* 40 C.F.R. §§ 50.9-50.10. EPA promulgated 1-Hour Ozone NAAQS in 1979 and subsequently promulgated 8-Hour Ozone NAAQS in 1997, 2008, and 2015.

20.     The Act defines "air pollutant" to include "any precursors to the formation of any air pollutant, to the extent the Administrator has identified such precursor or precursors for the particular purpose for which the team 'air pollutant'

is used." 42 U.S.C. § 7602(g).

21.    Because VOCs and oxides of nitrogen ("NOx") can react in the presence of heat and sunlight to produce ozone, EPA and authorized states regulate them as precursor pollutants with respect to attaining and maintaining the NAAQS for ozone. *See, e.g.*, 42 U.S.C. § 7511a.

22.    Each state must designate those areas within its boundaries where the air quality is better or worse than the NAAQS for each criteria pollutant, such as ozone and its precursors. An area that does not meet the NAAQS is a "nonattainment" area.

23.    Hudson County, New Jersey, which encompasses Jersey City, is an ozone nonattainment area (*see* 40 C.F.R. § 81.331) and has been since 1990. During this time, EPA has published multiple nonattainment area designations for Hudson County, including designations for different Ozone NAAQS that apply concurrently.

24.    In 2012, EPA found Hudson County in nonattainment with the 2008 Ozone NAAQS, designating the area's nonattainment as "Marginal." As ozone levels increased in Hudson County over time, EPA later redesignated the area's nonattainment with the 2008 Ozone NAAQS as "Moderate" in 2016, "Serious" in 2019, and "Severe" in 2022. 81 Fed. Reg. 26697, 26719 (May 4, 2016), 84 Fed.

Reg. 44238, 44252 (Aug. 23, 2019), and 87 Fed. Reg. 60926, 60937 (Oct. 7, 2022), respectively.

25.     In addition, in 2018 EPA found the area in "Moderate" nonattainment with the 2015 Ozone NAAQS. 83 Fed. Reg. 25776, 25819 (Jun. 4, 2018).

26.     Because ozone and its precursor pollutants (VOCs and NOx) can travel with the wind across state lines, potentially causing harm across a multi-state region, Congress established the Ozone Transport Region, covering portions of the northeast and mid-Atlantic. 42 U.S.C. § 7511c(a).

27.     Hudson County itself, and the entire State of New Jersey, are encompassed by the Ozone Transport Region.

### *New Jersey Title V Program*

28.     Title V of the Clean Air Act establishes an operating permit program for sources of air pollution. 42 U.S.C. §§ 7661–7661f.

29.     The Clean Air Act implementing regulations at 40 C.F.R. Part 70 set forth minimum requirements for EPA-approved state programs that administer Title V of the Act.

30.     Each state must submit, for EPA approval, an operating permit program that meets the requirements of Title V. 42 U.S.C. § 7661a(d).

31.     It is unlawful for any person to operate a major source except in

compliance with a Title V permit. 42 U.S.C. § 7661a(a).

32.     Operators subject to Title V must apply for the permit no later than 12 months after their facilities become subject to a federally-approved state Title V operating permit program, or such earlier date established by the state. 42 U.S.C. § 7661b(c).

33.     The term "major source" includes any stationary source with the potential to emit air pollution at or above certain tons-per-year thresholds, thereby triggering Title V requirements. State Title V programs may establish lower, more stringent potential-to-emit thresholds at which a stationary source operator must obtain a Title V permit. 40 C.F.R. § 70.2.

34.     For purposes of the Title V program, a source is a major source for VOCs if, *inter alia*, it has the potential to emit at least 100 tons of VOCs per year in ozone nonattainment areas classified as "Marginal" or "Moderate," 50 tons of VOCs per year in Ozone Transport Regions and ozone nonattainment areas classified as "Serious," and 25 tons of VOCs per year in ozone nonattainment areas classified as "Severe." *Id*.

35.     "Potential to emit" means "the maximum capacity of a stationary source to emit any air pollutant under its physical and operational design." *Id*.

36.     EPA approved New Jersey's Title V operating permit program in full

8

on November 30, 2001. 66 Fed. Reg. 63,168.

37.    The New Jersey Title V regulations are codified under N.J.A.C. Title 7, Chapter 27, Subchapter 22 ("Subchapter 22").

38.    N.J.A.C. 7:27 Subchapter 22 applies to any facility with the potential to emit at least 25 tons per year of VOCs. N.J.A.C. 7:27-22.2(a)(2). This threshold meets or exceeds the minimum 40 C.F.R. Part 70 federal requirements for locations within an Ozone Transport Region or ozone nonattainment areas classified as "Moderate," "Serious," or "Severe."

39.    Under N.J.A.C. 7:27 Subchapter 22, "potential to emit" means the "the maximum aggregate capacity of a source operation or of a facility to emit an air contaminant under its physical and operational design." N.J.A.C. 7:27-22.1.

40.    The owner or operator of a facility subject to Subchapter 22 must obtain and maintain an operating permit for the facility. N.J.A.C. 7:27-22.3(a).

41.    For a new facility subject to N.J.A.C. 7:27 Subchapter 22, the operator must submit an operating permit application by the applicable pre-1999 deadline for existing facilities or 12 months after the new facility commences operation, whichever is later. N.J.A.C. 7:27-22.5(f).

42.    An operator subject to N.J.A.C. 7:27 Subchapter 22 must document and incorporate advances in the art of air pollution control pursuant to N.J.A.C.

7:27-22:35 as part of a Title V application. N.J.A.C. 7:27-22.3(a).

43.     The owner or operator of a facility subject to Subchapter 22 must "ensure that no person uses or operates any significant source operation at the facility without a valid operating permit for the facility. N.J.A.C. 7:27-22.3(b).

44.     Significant source operations include, *inter alia*, equipment in which the combined weight of all raw materials used exceeds 50 pounds in any one hour and is of a type not identified under certain other provisions of Subchapter 22 definitions. N.J.A.C. 7:27-22 definition of "significant source operation." Par. 6.

### *The New Jersey State Implementation Plan ("SIP")*

45.     Each state must prepare a state implementation plan ("SIP") incorporating regulations designed to implement and enforce NAAQS for each pollutant in each designated area within the state in order to attain and maintain healthy air quality. Section 110(a)(2)(A) of the Act, 42 U.S.C. § 7410(a)(2)(A), requires that each state's SIP include enforceable emissions limitations and other "control measures, means, or techniques" to ensure attainment of the NAAQS. 42 U.S.C. § 7410(a).

46.     After enforceable state emission limitations are approved by EPA, these SIP provisions are federally enforceable under Sections 113(a) and (b) of the Act, 42 U.S.C. § 7413(a) and (b). *See* 40 C.F.R § 52.23. 42 U.S.C. § 7410(c)(3).

47.     As required by Section 110(a) of the Act, 42 U.S.C. § 7410(a), the State of New Jersey has submitted a SIP that New Jersey asserts provides for the implementation, maintenance, and enforcement of the ozone NAAQS.

48.     Under the Act, SIP provisions for nonattainment areas must "provide for the implementation of reasonably available control measures . . . including such reductions in emissions from existing sources in the area as may be obtained through the adoption, at a minimum, of reasonably available control technology ("RACT")." 42 U.S.C. § 7502(c)(1).

49.     Federal regulations define RACT as "devices, systems, process modifications, or other apparatus or techniques that are reasonably available taking into account: (1) The necessity of imposing such controls in order to attain and maintain a national ambient air quality standard; [and] (2) The social, environmental, and economic impact of such controls; . . . ." 40 C.F.R. § 51.100(o).

50.     Pursuant to Section 110 of the Act, 42 U.S.C. § 7410, EPA has approved a SIP for New Jersey ("New Jersey SIP") containing portions of the New Jersey Air Pollution Control regulations codified at N.J.A.C. Title 7, Chapter 27, that provides for the implementation, maintenance, and enforcement of the ozone NAAQS.

### *New Jersey SIP – VOC RACT Regulations*

51.     The New Jersey SIP includes requirements for VOC RACT, codified at N.J.A.C. Title 7, Chapter 27, Subchapter 16.

52.     N.J.A.C. 7:27-16.16 sets forth VOC RACT requirements for "other source operations," which includes any source operation other than certain operations classified within an industrial or equipment category named in N.J.A.C. 7:27-16.16(a) or an insignificant source operation as defined in N.J.A.C. 7:27-8.2 or 22.1.

53.     Owners or operators subject to the RACT requirements under N.J.A.C. 7:27-16.16 may not cause, suffer, allow, or permit any VOC to be emitted into the outdoor atmosphere from any source operation in excess of the maximum allowable emission rate as determined in accordance with the procedure in N.J.A.C. 7:27-16.16(d). N.J.A.C. 7:27-16.16(c).

54.     Source operations are sorted into different "ranges," and VOC control requirements are established for each "range." No subject source operation— regardless of applicable range—may emit more than three and one-half (3.5) pounds of VOC per hour, or 15 percent of process emissions by weight. N.J.A.C. 7:27-16.16(d)(5) & Table 16A.

*Enforcement Provisions*

55.      EPA may bring a civil action in accordance with Section 113(b) of the Act, 42 U.S.C. § 7413(b), against any person that is in violation of any requirement or prohibition of, *inter alia*, a Title V Permit or any federally enforceable provision of the New Jersey SIP. 42 U.S.C. § 7413(a)(1) and (3).

56.      New Jersey may commence a civil action against any person who is alleged to have violated an emission standard or limitation under the Act. 42 U.S.C. § 7604(a)(1).

57.      The Court may, *inter alia*, enjoin a violation of the Act, require compliance, assess a civil penalty, and award any other appropriate relief for each violation of the Act. 42 U.S.C. § 7413(b).

58.      Under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990, the United States may seek civil penalties of up to $32,500 per day for each violation that occurred after March 15, 2004 through January 12, 2009; up to $37,500 per day for each violation that occurred after January 12, 2009 through November 1, 2015; and up to $121,275 per day for each violation that occurred after November 1, 2015. 74 Fed. Reg. 4 (Jan. 7, 2009), 78 Fed. Reg. 66643 (Nov. 6, 2013), and 88 Fed. Reg. 83902 (Dec. 27, 2023).

59.    Under N.J.S.A. 13:1D-9(12)(n) and the New Jersey Air Pollution Control Act ("APCA"), N.J.S.A. 26:2C-19(a), New Jersey is vested with authority to institute a civil action in a court of competent jurisdiction for injunctive or any other appropriate relief for each violation of the APCA.

60.    Under N.J.S.A. 26:2C-19(d), New Jersey may seek civil penalties of up to $10,000 for the first day of violation, $25,000 for the second day of violation, and $50,000 for each subsequent day of violation.

61.    Section 113(e) of the Act, 42 U.S.C. § 7413(e)(2) provides that penalties shall continue to accrue until the violator establishes that continuous compliance has been achieved.

### *New Jersey State-of-the-Art Regulations*

62.    N.J.A.C. 7:27-8.4(d) requires operators to include in permit applications such details regarding equipment or control apparatus as necessary to determine that the equipment or control apparatus is designed to operate without causing a violation of any relevant State or Federal laws or regulations.

63.    In permit applications proposing construction, installation, reconstruction, or modification of equipment and control apparatus that is a significant source, operators must document the application of state-of-the-art ("SOTA") technology if the equipment and control apparatus has a potential to

14

emit other air contaminants at a rate equal to or greater than the SOTA threshold as set forth in NJDEP regulations. N.J.A.C. 7:27-8.11(a)(2) and N.J.A.C. 7:27-8.12(a); and N.J.A.C. 7:27-35.

64.     The SOTA threshold in Table A for VOCs is 5.0 tons per year. Appendix 1 to Subchapter 8, Table A; N.J.A.C. 7:27-22.35(c).

65.     The SOTA provisions of N.J.A.C. 7:27-8.4(d), N.J.A.C. 7:27-8.11(a)(2),  N.J.A.C. 7:27-8.12; and N.J.A.C. 7:27-22.35 are enforceable only by the State of New Jersey.

## GENERAL ALLEGATIONS

66.     A "person" includes "an individual, corporation, partnership, association, State, municipality, political subdivision of a State, and any agency, department, or instrumentality of the United States and any officer, agent, or employee thereof." 42 U.S.C. § 7602.

67.     A "stationary source" is any building, structure, facility, or installation which emits or may emit any air pollutant. 42 U.S.C. § 7412(a)(3).

68.     Simsmetal is a "Person" as defined by the Act and by N.J.A.C. Title 7, Chapter 27, Subchapters 16 and 22.

69.     Simsmetal owns and/or operates the Facility in New Jersey within the Ozone Transport Region described in Paragraphs 26 and 27.

70.     The Facility and the Shredder located at the Facility are each a "stationary source," as defined under 42 U.S.C. § 7412(a)(3).

71.     The Shredder has, during all times relevant to this complaint, had a shredding capacity of approximately 400 tons of metal scrap material per hour.

72.     Under normal operating conditions and during all times relevant to this complaint, Simsmetal operated the Shredder at a rate above 300 tons of metal scrap material per hour.

73.     The Facility is a "facility," as defined under N.J.A.C. 7:27-22.1.

74.     The Shredder is a "significant source operation," as defined under N.J.A.C. 7:27-22.1.

75.     During all times relevant to this complaint, Simsmetal used and continues to use the Shredder to shred metal goods, such as automobiles and household appliances, to recover reusable metal.

76.     During all times relevant to this complaint, Simsmetal operated and continues to operate the Shredder without operating air emissions control equipment, or otherwise take steps to control the Shredder's VOC emissions.

77.     Simsmetal has owned and operated the Shredder at the Facility since at least October 2005.

78.     The Facility has the potential to emit at least 98 tons per year VOCs.

## FIRST CLAIM FOR RELIEF (by the United States and the State of New Jersey): VOC RACT Emission Control Requirements

79.  Paragraphs 1 through 78 are realleged and incorporated herein by reference.

80.  Paragraphs 79 through 88 are alleged jointly by the United States and the State of New Jersey.

81.  The Shredder is a VOC source operation under N.J.A.C. Title 7, Chapter 27, Subchapter 16.

82.  The Shredder is an "other source operation" subject to the RACT requirements of N.J.A.C. 7:27-16.16, including maximum allowable emissions limits of 3.5 pounds per hour and 85% reduction in N.J.A.C. 7:27-16.16(c) and (d). No exception or exemption applies.

83.  Simsmetal's operation of the Shredder generates VOC emissions at a rate in excess of 3.5 pounds per hour.

84.  Simsmetal has never installed VOC emissions control equipment to reduce process emissions of VOC from the Shredder by 85%.

85.  By operating the Shredder without controlling VOC emissions, and thus exceeding applicable emissions limits, Simsmetal has violated and continues to violate reasonably available control technology requirements in N.J.A.C. 7:27-

16.16(c).

86.     Under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 40 C.F.R.

§ 19.4, the violations set forth above subject Simsmetal to injunctive relief and

civil penalties not to exceed the amounts set forth in Paragraph 58 above.

87.     Under N.J.S.A. 13:1D-9(12)(n) and N.J.S.A. 26:2C-19(a), the

violations set forth above subject Simsmetal to injunctive relief and civil penalties

not to exceed the amounts set forth in Paragraph 60 above.

88.     Unless Simsmetal is otherwise ordered by this Court, the violations

alleged in this Claim for Relief will likely continue.

## SECOND CLAIM FOR RELIEF (by the United States and the State of New Jersey): Title V Permit Requirements

89.     Paragraphs 1 through 78 are realleged and incorporated herein by

reference.

90.     Paragraphs 89 through 104 are alleged jointly by the United States

and the State of New Jersey.

91.     The Shredder has the potential to emit at least 98 tons per year

of VOCs.

92.     The Facility is subject to the requirements of N.J.A.C. 7:27

Subchapter 22 pursuant to N.J.A.C. 7:27-22.2(a)(2).

93.     The Shredder is a "major source," as defined under the Act's

18

implementing regulations at 40 C.F.R. § 70.2.

94.    Simsmetal must apply for a Title V operating permit in accordance with 42 U.S.C. § 7661b(c).

95.    Simsmetal must obtain and maintain a Title V operating permit in accordance with N.J.A.C. 7:27-22.3(a).

96.    Pursuant to 42 U.S.C. § 7661a(a), Simsmetal is prohibited from operating the Shredder, a major source, except in accordance with a Title V operating permit.

97.    Pursuant to N.J.A.C. 7:27-22.3(b), Simsmetal is prohibited from operating the Shredder, a significant source operation, without a valid Title V operating permit which covers this source operation.

98.    Simsmetal has not applied for a Title V operating permit.

99.    By failing to provide a timely and complete application for a Title V operating permit within 12 months after commencing operation of the Shredder, Simsmetal violated and continues to violate 42 U.S.C. § 7661b(c), N.J.A.C. 7:27-22.5(f), and N.J.A.C. 7:27-22.3.

100.    By operating the Shredder without a Title V operating permit, Simsmetal violated and continues to violate 42 U.S.C. § 7661a(a) and N.J.A.C. 7:27-22.3(b).

101.    By failing to obtain and maintain a Title V operating permit for the Shredder, Simsmetal violated and continues to violate N.J.A.C. 7:27-22.3(a).

102.    Under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 40 C.F.R. § 19.4, the violations set forth above subject Defendant to injunctive relief and civil penalties not to exceed the amounts set forth in Paragraph 58 above.

103.    Under N.J.S.A. 13:1D-9(12)(n) and N.J.S.A. 26:2C-19(a), the violations set forth above subject Simsmetal to injunctive relief and civil penalties not to exceed the amounts set forth in Paragraph 60 above.

104.    Unless Simsmetal is otherwise ordered by this Court, the violations alleged in this Claim for Relief are likely to continue.

## THIRD CLAIM FOR RELIEF (by the State of New Jersey): New Jersey State-of-the-Art Regulations

105.    Paragraphs 1 through 78 are realleged and incorporated herein by reference.

106.    Paragraphs 105 through 113 are alleged solely by the State of New Jersey because they address violations of state regulations only.

107.    The Shredder emits more than 5.0 tons of VOC per year.

108.    Simsmetal has not provided to NJDEP information necessary to determine that Simsmetal's equipment or control apparatus is designed to operate without causing a violation of any relevant State or Federal laws or regulations.

20

109.      Simsmetal has not documented SOTA in permit applications it has submitted to NJDEP.

110.      Since at least October 2005, Simsmetal's failure to provide necessary information has violated and continues to violate N.J.A.C. 7:27-8.4(d).

111.      Simsmetal's failure to document SOTA has violated and continues to violate N.J.A.C. 7:27-8.11(a)(2) and N.J.A.C. 7:27-8.12(a).

112.      Under N.J.S.A. 13:1D-9(12)(n) and N.J.S.A. 26:2C-19(a), the violations set forth above subject Simsmetal to injunctive relief and civil penalties not to exceed the amounts set forth in Paragraph 60 above.

113.      Unless Simsmetal is otherwise ordered by this Court, the violations alleged in this Claim are likely to continue.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon all the allegations set forth above, the United States of America and the State of New Jersey respectfully request that this Court:

A.      Enter judgment against Simsmetal and in favor of the Plaintiffs, and assess against Simsmetal civil penalties of up to $121,275 per day per violation for each violation occurring after November 1, 2015;

B.      Award Plaintiffs injunctive relief pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b); and

C.      Grant such other relief as this Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

KATHERINE E. KONSCHNIK
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated:      January 17, 2025    /s/ John G. Osborn
JOHN G. OSBORN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
100 Middle Street, 6th Floor
Portland, ME 04101
(207) 780-3257
John.osborn@usdoj.gov


FOR THE STATE OF NEW JERSEY

Dated:      January 17, 2025    /s/ Lisa Morelli
LISA MORELLI
Deputy Attorney General
State of New Jersey, Division of Law
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625-093
(609) 376-2740
Lisa.Morelli@law.njoag.gov

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I certify that the matter in controversy in the

foregoing Complaint is not the subject of any other action pending in any court, or

any pending arbitration or administrative proceeding.


/s/   John G. Osborn
JOHN G. OSBORN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
100 Middle Street, 6th Floor
Portland, ME 04101
(207) 780-3257
John.osborn@usdoj.gov